■ In the Matter of MARGARITA TAVAREZ-VARGAS, Appellant, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, Respondent. [982 NYS2d 460]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered February 11, 2013, denying the petition to annul a determination of respondent New York City Department of Housing Preservation and Development (HPD), dated August 15, 2011, which denied petitioner rental assistance, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the judgment vacated, the petition granted, HPD's determination annulled, and the matter remanded to HPD to provide rental assistance to petitioner.

Petitioner vacated her subsidized apartment after the landlord and HPD notified her that her two children were impermissibly living in the single occupancy unit. HPD's initial notice of termination stated that it was terminating petitioner's "Section 8" subsidy because she had failed to notify HPD that she had vacated the premises. The hearing officer decided to reinstate

the rental assistance, but HPD reversed this decision on the ground that petitioner had been receiving project-based assistance under the Shelter Plus Care program, and the applicable regulation provides that "[p]articipants do not retain rental assistance if they move" (24 CFR 582.100 [b]).

This determination was arbitrary and capricious, an abuse of discretion, and affected by an error of law (see CPLR 7803 [3]; see also Matter of Rosenkrantz v McMickens, 131 AD2d 389 [1st Dept 1987]). HPD's position that it was offering non-Section 8 assistance, and thus was precluded from offering Section 8 assistance, is belied by HPD's own documentation, including notices informing petitioner of the Section 8 assistance she was receiving in connection with the apartment. Moreover, HPD's refusal to offer relocation assistance is inconsistent with HPD's own administrative plan, which generally permits participants in a variety of housing programs to move, and specifically provides that the usual requirement that a tenant have completed the initial lease term do not apply in certain situations, including an emergency or where, as here, the family becomes overcrowded. Concur—Gonzalez, P.J., Mazzarelli, Renwick, Feinman and Gische, JJ.